Good morning, your honors. May it please the court, I'm Gilbert Levy. I represent the appellant World Wide Video. In response to the court's order that was issued yesterday, I'd like to briefly address the question of jurisdiction. I gather no one picked up on this in the last few years. I guess we didn't pick up on it until yesterday. Okay. Basically, I concede that in the first instance there was no subject matter jurisdiction. However, at the point in time that we're at now, to take up the jurisdictional question here, we maintain under the traveler's insurance case, which is cited in the court's order, it would be a collateral attack on the judgment. The judgment became final when the district court entered the consent decree and dismissed the other claims. I don't know if that works. Can't you collaterally attack a judgment if the court had no jurisdiction to issue it? It's a nullity. As I read the traveler's case and the language in the traveler's case, it's impermissible to raise subject matter jurisdiction on collateral attack. That's what that case says. And so I'm assuming, based upon the Supreme Court's precedence... If they didn't have jurisdiction in the first instance, isn't it void? It would seem to be waivable according to this. Who's waiving? Both parties waived it by not appealing from the... The court's not waiving it. Well, there is language in the traveler's insurance case that also suggests that the court cannot take up subject matter jurisdiction in a collateral attack, which is basically what we're doing here. So I think it's our position, and I believe the city's position, that there is jurisdiction for this court to hear the appeal based upon the traveler's case. Very well. How about the mayor? Were you making a book in the traveler's case? Oh. I think the language... I can't cite to the page now, but I think the operative language is cited in the court's order. The site and counsel has been kind enough to hand it... No? And procedurally, it's an exact parallel with this case? Yes, exact parallel. It's exactly what happened in that case. The Second Circuit took up the question of... held that the bankruptcy court did not have subject matter jurisdiction to modify a preliminary injunction. That decision was reversed by the Court of Appeals because when the original judgment was entered, it was determined that the court... Nobody complained about subject matter jurisdiction when the original judgment was entered. What was the defect in jurisdiction in Travelers?  The jurisdictional defect was that the bankruptcy court didn't have jurisdiction to preclude the plaintiffs from bringing an action against the insured. Based upon the original bankruptcy decree. Very well. Why don't we get to the merits? Getting to the merits, it's our position that the district court in this case erred by... Primarily our position is that the district court erred by vacating the injunction rather than modifying it. In the contempt hearing in this case, the city had argued that my client was violating the consent decree because it wasn't making reasonable efforts to market and sell adult merchandise. And the problem with the consent decree is that it didn't say that. We proposed a modification of the consent decree, which gave the city exactly what it was asking for in the contempt hearing. We proposed a modification which cured any vagueness in the decree. And the district court should have done that rather than set the decree aside. Tell me if I have the time order right. The city sues in state court to abate the dirty bookstore. Then the dirty bookstore removes to federal court because the abatement would violate First Amendment rights. They then enter into a consent decree that they'll upgrade into a boutique, whatever that is, in 120 days and do roughly 75% of their sales of something other than 30 books. Then the city says you didn't turn into a boutique, so we want a contempt citation and enforcement. And the bookstore says you can't figure out what a boutique is. It's void for vagueness. Judge says, yep, that's right, but it's the heart of the decree, so no more decree. And then on Rule 59, you say, well, there is a way we can define boutique by narrowing the decree so that the heart will still be preserved. Have I got the time order right? I think the court has the time order right. But the only difference, as I understand the facts, Your Honor, is that the city was the one that removed. We counterclaimed alleging a First Amendment violation, and the city then removed the case to federal court. Right, thanks, and that's important because the plaintiff removed it instead of the defendant. Other than that, I think the court has the chronology correct. Well, one of the problems that I have is if this is a Rule 59 matter, isn't there a time period within which to do this? In other words, why wait until that stage of the proceedings? Well, the purpose of Rule 59 is to correct errors of law, and our position was that the district court erred as a matter of law. Why couldn't it have been raised earlier? It could have been raised earlier, but the issue earlier was whether or not there was a changed circumstance. There was no earlier discussion of the remedy. The issue earlier was whether or not there was a changed circumstance. We argued that there was no change in circumstances. The city argued that there was, and it was on that basis that the district court determined that modification or vacation was appropriate. It was on that basis that it decided to vacate rather than modify. But at that stage, when the district court was entertaining that issue, why couldn't you have proposed your modification at that stage? I could have proposed a modification at an earlier stage, but it's our position that the issue was still timely raised in Rule 59. All right. There were a couple of points that the district court made in deciding which modification was inappropriate, which I'd like to address. The district court made the point that it couldn't determine whether or not the business was conforming with the consent decree without consideration of economic factors, and the decree precluded the court from considering economic factors. And it's our position that there was nothing in the decree that precluded the district court from considering economic factors. The only thing that the consent decree said is that there would be no limitation on profits derived from the sale of adult merchandise. So the district court could have considered economic factors either under the proposed modification. The other point that the district court made is that the proposed modification that we proposed was not necessarily consistent with the party's original intent, and it's our position that with the modification, the city got exactly what it asked for in the original decree. It, in all respects, had a decree that was completely enforceable. There were numerous other conditions in the decree. It looked to me like the heart of the decree was, in fact, to turn it into a boutique, except I don't know exactly what that is. I recall there's a dirty bookstore on Colorado Avenue in Pasadena. We sit in Pasadena, and it used to be kind of grungy looking, and now it's better lit, and when you walk by it, you see a lot of couples in there. I imagine that must be a boutique, but I have no idea what the changes are, having not been in there. What does it mean? What do they do? Parties must have had something in mind at the time. Well, it's clear that what the parties had in mind, because you have to look at what the city was asking for in the contempt hearing, and what the city was asking for in the contempt hearing is a business that made reasonable efforts to market and sell non-adult merchandise, and its complaint was my client wasn't doing that, and we proposed a modification. Well, I thought it was about the boutique thing. It was about the reasonable efforts? Well, that's what the city said reasonable boutique meant. That's what its expert was complaining about when he submitted his deposition, which was considered by the district court, in the contempt hearing. I think I've used my time. Thank you, counsel. We'll hear from the city. Thank you, Your Honor. May it please the Court, my name is Milt Rowland. I'm here on behalf of the city of Spokane. In the consent decree, we tried to make their boutique requirement as objective as possible. What do they do to turn a dirty bookstore into a boutique? They mainstream, Your Honor. They use appropriate inventory control. They don't put stuff on the bookshelves that's just going to sit there. Your Honor. At a grocery store, when I go into Safeway, they have stuff on the shelves that just sits there because it's not popular. But once they bought it, they're kind of stuck with the inventory. It gets dusty on the bottom shelf. Your Honor, in the context that we were working in, in 2001, we had amended the zoning code. The adult industry already knew how to get around it by importing these thousands. Here's my concern. It looks as though the city made a deal and now it's trying to get out of it. And the whole notion that, well, you stock 75% of your inventory with other things, people that want non-sexual things probably are going to be embarrassed to walk into a dirty bookstore to get them. And they're going to shop for them somewhere else that doesn't have the sexual stuff. I don't see how they can put a lot of non-sexual stuff on the shelves, but I don't really see how they can sell it if they still have the sexual stuff. Your Honor, we're not trying to get out of the deal that we made. We were trying to enforce it, and we were told that we couldn't. And that was where there was apparently a mutual mistake in that we both thought, Mr. Levy and I, when we presented this order to Judge Whaley, that it would be an enforceable order. Is all a boutique means, 75% of your inventory has to be non-sexual? No, Your Honor. A boutique just means a small specialty store. We were hoping that they would start emphasizing other things. Your whole point is to eliminate the specialty aspect of the store. The adult specialty, yes, Your Honor, it was. We didn't care what it was that they did. I mean, I know what, say, an insurance litigation boutique is. The firm doesn't do domestic relations or patents or criminal defense. It just does insurance law disputes. But their boutique means some kind of specialization, and your whole point is to eliminate the specialization. Well, eliminate one specialization, yes, Your Honor. There was a model for us that ironically was Mr. Levy's client's ex-wife, who started an adult bookstore, but she called it Erotica, and started featuring high-end nightgowns, shoes, things like that. And when we'd go in there to look to see what the inventory was like and what the customer base was like, we'd see lots of women in there by themselves shopping for Teddy. You can have a women's sex toy and dirty bookstore, but not a men's sex toy and dirty bookstore. If I implied that, Your Honor, I apologize. That wasn't the idea. The idea was that they would start emphasizing something else other than adult inventory. And if they made best efforts to act like a reasonable boutique owner, measured objectively, our idea was that over time they would start making profits off of these other things because a reasonable boutique owner doesn't like to safely, in Your Honor's neighborhood, just leave the spam on the shelf for year after year if it doesn't sell and grow dust and that sort of thing. Well, in any event, so far as the boutique issue is concerned, I assume you agree with the district court that there has been a change here because boutique is harder to find. Yes, Your Honor. All right. So where does that leave us at this point? Well, it leaves us in one of two places. Either the consent decree is void, they have an issue because this isn't a collateral attack and under traveler's indemnity. So you and Mr. Levy agree on that point? We do, largely. But if this is not a collateral attack, what we did was go back to the same court. A court always has jurisdiction to enforce its own orders. We went back to that court to try and enforce our decree, which contemplated enforcement and contemplated continuing jurisdiction, and the court declined to enforce it. So while we are in the same court in litigation about the same decree, is traveler's distinguishable? It is. It's not someone who's a privy or someone otherwise covered under the consent decree is attacking it. If it is, why doesn't the fact that this was a removal by a plaintiff rather than a defendant because of a federal claim and the counterclaim rather than the complaint, why doesn't that defeat jurisdiction altogether? From the beginning, so that the consent decree is a nullity? Yeah. This court could rule that way. This court could also rule that under travelers, the distinction is not one that makes a difference. If we were to rule that way, do we vacate or do we remand for vacation by the district court procedurally? How does it work? Does our decree do it or does it have to go back and have the district court strike everything that's in the file? We would ask the court to send it back and allow us to amend our original complaint, which is still timely, to seek a declaration that our 2003 amendments to the zoning code do not violate Mr. Levy's client's constitutional rights. What did you say was still timely? An amendment to the complaint that we removed. In other words, we are complaining that we removed it. But that litigation, regardless of jurisdiction, that litigation is over, isn't it? Yes. So I don't understand how you could amend your complaint. I'm not following that. Your Honor, if this court affirms Judge Whaley's order vacating the consent decree, then we're back to trying the counterclaims, that is, the federal constitutional issues. But I thought, if I'm not mistaken, that there was a passage in that order saying that the claims of the city and the counterclaims of worldwide video are dismissed with prejudice. Yes. Isn't that the end of the litigation? It should be, Your Honor. I think that the court's order vacating the consent decree reopened the case, and I believe it was the court's intention, expressed intention, in the consent decree to have us start all over again. So you're saying that the original filing in state court removed is somehow coming back to life if we were to affirm here? Yes, that it would be reinstated to allow. Under the consent decree, we were deemed, we had to deem worldwide video in compliance with our zoning code so long as they complied with the consent decree. They didn't comply with the consent decree, but when we asked for contempt, a remedy specifically called for by the consent decree, they said it was unenforceable and the district court agreed. So we then, in an abundance of caution, said we'd better not seek to enforce our zoning code without further orders from the district court. That's why we sought vacation, because if they aren't in compliance, they don't have to be deemed in compliance under these circumstances. But given the dignity of a federal court order, we thought we'd better make sure with Judge Whaley that he didn't feel that we were bound by a consent decree that didn't also bind worldwide video. So if we were to affirm, you would expect to be back in front of Judge Whaley under that docket number, that original case? I would, Your Honor, and I would expect to, because of the fact that no one had discovered, and I was the one who filed the original removal petition. I didn't know better. I should have, but I didn't. Then you're back to really where you'd have to be with respect to jurisdiction. Judge Whaley is now obviously informed or would be informed of all of this, and he'd have to say, wait a minute, we don't have jurisdiction in this case. At that point, travelers is moot, right? Your Honor, we've only had less than 24 hours to think this through, and I apologize. We've had years. In another sense we have, Your Honor. In another sense we have. But we would expect to file a new complaint. Oh, that I would understand. And seek a declaration. But you'd probably do that in state court, wouldn't you? Well, we'd want the federal district court to decide the federal constitutional issues. I don't understand why we'd keep a case alive in federal district court when federal district court had no jurisdiction, just so that a party could turn it into an altogether different case. Like I said, Your Honor, we've only had less than 24 hours to think this through, although in another sense we've had four years to think it through. I don't understand why you would do that either. The Internet has probably made the whole thing obsolete in practical terms. In some respects it has, Your Honor. We would ask that this court affirm or in the alternative to distinguished travelers and void of an issue. All right. Thank you, counsel. The case just argued will be submitted for decision, and we will hear argument next in Bluetooth, SIG versus the United States.
judges: Beezer, O'scannlain, Kleinfeld